**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
STATOIL (NIGERIA) LIMITED and TEXACO  :
NIGERIA OUTER SHELF LIMITED          :
                                      :
                         Petitioners, :   18 Civ. 2392 (RMB)
         -against-                    :
                                      :   **ORDER**
                                      :
NIGERIAN NATIONAL PETROLEUM CORP.    :
                                      :
                         Respondent.  :
------------------------------------------------------------X

**Background**

On January 28, 2020, Petitioners submitted an application to file Exhibit AAA to the Declaration of Christian Vandergeest, dated January 28, 2020 ("Vandergeest Declaration"), under seal and to "redact six lines containing references to Exhibit AAA in the Amended Petition." See Jan. 28, 2020 Pet. Ltr. at 1. On March 10, 2020, Petitioners submitted an application to file Exhibits F-K to the Declaration of Nathan Hembree, dated March 10, 2020 ("Hembree Declaration"), under seal and to file Exhibits O-R and T-U to the Hembree Declaration with redactions. See Mar. 10, 2020 Pet. Ltr. at 1. Respondent consented to Petitioners' applications to seal. See Jan. 28, 2020 Pet. Ltr. at 1; Mar. 10, 2020 Pet. Ltr. at 1.

At the April 20, 2020 oral argument, the Court advised Petitioners that both applications to seal were "rejected and denied without prejudice." See Apr. 20, 2020 Tr. at 4:12-13. The Court stated that Petitioners' requests to file (entire) exhibits under seal were rejected and that they would need to "seriously refine" their applications and "resubmit them in a way that is far more compatible with th[e] public's right to know." Id. at 4:19-24; *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

1

On May 4, 2020, Petitioners re-submitted an application which stated that, "consistent with the Court's instructions," Petitioners "no longer request that [any] documents be placed under seal" and request that a "limited number of documents be placed on the docket with narrowly-tailored redactions." See May 4, 2020 Pet. Ltr. at 1, 3. Respondent consents to Petitioners' current application. Id.

Based upon the Court's review of the proposed redactions and applicable authorities**, the Court finds and directs as follows**:

1. The Court recognizes that "the privacy interests of innocent third-parties . . . should weigh heavily in a court's balancing equation" when determining whether to grant an application to seal. *See U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *SEC v. Waldman*, 2019 WL 1644965, at *1 (S.D.N.Y. Feb. 14, 2019) ("The Court recognizes that the privacy interests of third-parties should be weighed in its balancing equation when determining whether to deny public access to documents filed with the Court."). The Court also recognizes that where information has "no bearing on th[e] Court's treatment of [the parties'] motion[s] . . . the presumption in favor of public access is low." *See Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020); *see also Amodeo*, 71 F.3d at 1050 (where the information "play[s] only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low"); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (information's "irrelevance to the issues before the Court . . . places the presumption of public access at the nadir of the continuum of the weight to be given to the presumption").

2. Petitioners' request to redact three sentences on the second page of Exhibit F to the Hembree Declaration ("Exhibit F"), see May 4, 2020 Pet. Ltr. at 1, is granted. Among other reasons, they concern performance objectives and pricing information under contracts between

Respondent and third-parties not relevant to this case. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F.Supp.3d 152, 156-57 (S.D.N.Y. 2015) ("the Court now finds that . . . the privacy interests protected by [the proposed] redactions overcome the presumption of public access" because "information concerning [third-party] trading [] objectives, transactions . . . [and] pricing information" is the "type of information . . . [that] overcomes the presumption of public disclosure"); *see also Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petrol. Corp.*, No. 14-cv-08445 (S.D.N.Y. Jan. 15, 2019) (granting application to redact "information concerning Respondent's commercial relationships with non-parties").

3. Petitioners' request to redact "the phone numbers and email addresses found on the last page of Exhibit F," see May 4, 2020 Pet. Ltr. at 2, is granted. Among other reasons, such "individual contact information . . . is not at issue in this dispute and the individuals have a countervailing privacy interest in their non-disclosure." *See Cohen v. Gerson Lehman Grp. Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011).

4. Petitioners' request to redact the identity of a third-party contractor mentioned in Exhibit J and Exhibit K to the Hembree Declaration is granted. Among other reasons, the exhibits "contain a frank [negative] appraisal of the performance of" that contractor, see May 4, 2020 Pet. Ltr. at 2, which "would likely cause [it] embarrassment." *See Oliver Wyman, Inc. v. Eielson*, 282 F.Supp.3d 684, 706 (S.D.N.Y. 2017) ("The Court [] agrees that the . . . evaluations would likely cause embarrassment to third-parties and that the third-parties' privacy interests outweigh the public's interest in disclosure."); *see also U.S. v. Massino*, 356 F.Supp.2d 227, 231 (E.D.N.Y. 2005) (the "presumption of access . . . may be overcome by competing concerns . . . includ[ing] . . . materials that are particularly embarrassing to innocent parties").

5. Petitioners' request to redact employee salary information and "grade level" information which "can be used to extrapolate the amount of compensation paid to these employees" in Exhibits O-R and T-U to the Hembree Declaration, see May 4, 2020 Pet. Ltr. at 2, is granted. Among other reasons, "redaction of this salary information vindicates the privacy interest these non-parties have in sensitive personal information that outweighs the public's interest in disclosure."  *See Oliver Wyman*, 282 F.Supp.3d at 706; *see also Dodona I, LLC*, 119 F.Supp.3d at 156-57 ("personal information of current and former employees of the parties . . . including . . . compensation" is the "type of information [that] overcomes the presumption of public disclosure").

## Conclusion & Order

All redactions are approved. The Court assumes that Petitioners will also file the Amended Petition without redactions no later than June 22, 2020.

Dated: New York, New York
       June 15, 2020

*Richard M. Berman*
_____
**RICHARD M. BERMAN, U.S.D.J.**

4