# Freshfields Bruckhaus Deringer US LLP

**TIMOTHY P. HARKNESS**

601 Lexington Avenue
31st Floor
New York, NY 10022

Tel +1 212 230 4610
timothy.harkness@freshfields.com

April 6, 2021

**BY ECF**

The Hon. Richard M. Berman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Statoil (Nigeria) Limited and Texaco Nigeria Outer Shelf Limited v. Nigerian National Petroleum Corporation*, Case No. 18-cv-02392

Dear Judge Berman:

I write on behalf of Petitioners Statoil (Nigeria) Limited and Texaco Nigeria Outer Shelf Limited (together, **Petitioners**) to notify the Court of the recent Supreme Court decision in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), a copy of which is attached as Exhibit A.  The decision is relevant to the motion to dismiss pending before this Court in the above-captioned case.

In *Ford*, the Court held that a plaintiff need not show a causal link between its claims and the defendant's in-forum activities to establish specific personal jurisdiction.  *Id.* at 1026.  A plaintiff's claims need only "relate to" the defendant's forum contacts.  *Id.*  The Court ruled that "relate to" encompasses a non-causal "activity or occurrence" that took place in the forum—in that case, the defendant's marketing activities within the forum.  *Id.* at 1026–28.

Here, like the defendant in *Ford*, Respondent Nigerian National Petroleum Corporation (**NNPC**) has extensive contacts within the forum (here, the United States) that "relate to" the parties' dispute.  As detailed at pages 16–17 of Petitioners' Amended Petition, NNPC marketed the oil field at issue in this litigation extensively in the United States, including by travelling to Houston to co-host a "roadshow," and by placing advertisements in U.S. publications targeted at the American oil industry.  Pet'rs' Am. Pet. 16, ECF No. 40.  After signing the contract at issue here, NNPC representatives repeatedly travelled to the United States to determine where to drill oil wells, develop an oil marketing program for U.S. customers, discuss performance of the parties' contract, and receive training under the contract.  *Id.* at 16–17.  Further, NNPC ships disputed oil from the OML 128 oil field to the United States and directs purchasers of disputed oil to deposit the proceeds of sales into NNPC's New York bank accounts.  *Id.*; *see also generally* Pet'rs' Mem. Opp. Mot. Dismiss 20–22, ECF No. 60.

Freshfields Bruckhaus Deringer US LLP

2|2

These contacts "relate to" the parties' dispute. *Ford* thus further demonstrates that this Court has personal jurisdiction over NNPC, and compels the rejection of NNPC's causation-based (and factually incorrect) argument that this dispute does not "relate to" NNPC's activities in the United States because NNPC's U.S. conduct allegedly did not "le[ad] to the dispute," NNPC's Reply Mem. Supp. Mot. Dismiss 5–6, ECF No. 66.

Respectfully submitted,

*s/ Timothy P. Harkness*

Timothy P. Harkness

*Enclosure*

cc: All Counsel of Record (via ECF)